*E-FILED - 8/25/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA, | ) No. C 09-2085 RMW (PR) |
| Petitioner, | ) ORDER OF DISMISSAL |
| v. | ) |
| SUPREME COURT OF CALIFORNIA, et al., | ) |
| Respondents. | ) |

Petitioner, a Canadian prisoner, filed a petition for writ of habeas corpus, a motion for extension of time to file a writ of habeas corpus (docket no. 18) as well as a motion for appointment of counsel (docket no. 21). Petitioner contends, inter alia, that his due process rights have been violated. Specifically, petitioner claims that he was wrongfully convicted in Canada, has been incarcerated there for over nine years, and believes he has pending criminal charges waiting for him in Marin County. Further, petitioner asserts that he is falsely accused of state crimes and his underlying Marin County case is based on illegal arrest warrants. In addition, petitioner claims the prosecution and the state courts have illegally withheld exculpatory evidence against him.[1] Because the petition is not addressed to a judgment of a state

---

[1] The court notes that petitioner has filed at least two other petitions involving these same set of facts that were dismissed as premature. The court dismissed <u>Lena v. Supreme Court of</u>

1 court, it is considered under 28 U.S.C. § 2241(c)(3).

2   Even assuming that petitioner satisfies the "in custody" requirement,[2] principles of
3 comity and federalism require that a reviewing court abstain and not entertain a pre-trial habeas
4 challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies,
5 and (2) "special circumstances" warrant federal intervention. <u>Carden v. Montana</u>, 626 F.2d 82,
6 83-84 (1980); <u>see also</u> <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971).

7   Petitioner argues that he has exhausted his state remedies. However, a conclusion that
8 petitioner has exhausted his state remedies would not end matters because the <u>Younger</u>
9 abstention doctrine still bars consideration of the petition. Assuming petitioner does have a
10 pending criminal case in Marin County Superior Court, <u>Younger</u> applies because the
11 proceedings are: 1) judicial in nature, 2) involve important state interests and 3) afford petitioner
12 an adequate opportunity to raise constitutional issues. <u>See</u> <u>Communications Telesystems Int'l v.</u>
13 <u>California Pub. Util. Comm'n</u>, 196 F.3d 1011, 1019 (9th Cir. 1999); <u>Drury v. Cox</u>, 457 F.2d 764,
14 764-65 (9th Cir. 1972) ( "Our reading of <u>Younger v. Harris</u> convinces us that only in the most
15 unusual circumstances is a defendant entitled to have federal interposition by way of injunction
16 or habeas corpus until after the jury comes in, judgment has been appealed from and the case
17 concluded in state courts. Apparent finality of one issue is not enough.") (citation omitted).

18   Further, federal interference is appropriate only upon a showing of the state's bad faith or
19 harassment. <u>See</u> <u>Younger</u>, 401 U.S. at 53-54 (cost, anxiety and inconvenience of criminal
20 defense not the kind of special circumstances or irreparable harm that would justify federal court
21 intervention); <u>Carden</u>, 626 F.2d at 84 (only in cases of proven harassment or prosecutions
22 undertaken by state officials in bad faith without hope of obtaining a valid conviction and

---

California, et al., No. C-08-4971 RMW, on December 15, 2008. The court dismissed <u>Lena v.</u>
<u>Superior Court of California</u>, No. C-09-1645 RMW, on May 7, 2009.

[2] It is unclear from petitioner's 67-page petition and 13-exhibit books whether Marin County has actually lodged a detainer against petitioner. In his pleadings, he asserts that he may or may not have pending criminal charges in the Superior Court of Marin County. If petitioner is not a pretrial detainee nor awaiting extradition, he has not demonstrated that he is "in custody" as is required to proceed. <u>See</u> 28 U.S.C. § 2241(c); <u>White v. Lambert</u>, 370 F.3d 1002, 1006 (9th Cir. 2004).

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Lena085dis.pretrial.wpd    2

1  perhaps in other special circumstances where irreparable injury can be shown is federal
2  injunctive relief against pending state prosecutions appropriate).  Petitioner has not demonstrated
3  such special circumstances warranting federal intervention.
4      The case is therefore DISMISSED without prejudice to refiling after all state criminal
5  proceedings are completed.
6      The clerk shall terminate any pending motions and close the file.
7      IT IS SO ORDERED.
8  DATED: __8/24/09__         *Ronald M. Whyte*
                              RONALD M. WHYTE
9                             United States District Judge